IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RENETTA CHRISP                                                                                    PLAINTIFF

vs.                                      Civil No. 4:14-cv-04006

CAROLYN W. COLVIN                                                                         DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Renetta Chrisp ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of disability under Titles II and XVI of the Act.  The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 7.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed her disability applications on November 26, 2008.  (Tr. 339-348).  In her applications, Plaintiff claims to be disabled due to the following: an injured or "torn up" left knee from a car wreck and emotional issues.  (Tr. 360).  Plaintiff alleges an onset date of November 5, 2007.  (Tr. 10).  These applications were denied initially and again upon reconsideration.  (Tr.

---

[1] The docket numbers for this case are referenced by the designation "ECF No. __."  The transcript pages for this case are referenced by the designation "Tr."

1

107-110).

Thereafter, the ALJ held administrative hearings on June 16, 2010 (Tr. 85-106) and on August 14, 2012 (Tr. 47-84) to address these applications. After each of these hearings, the Appeals Council remanded Plaintiff's case back to the ALJ for additional record development. (Tr. 111-154). Thereafter, on July 15, 2013, Plaintiff's third (and current) administrative hearing was held in Texarkana, Arkansas. (Tr. 29-46). Plaintiff was present at this hearing and was represented by Greg Giles. *Id.* Plaintiff and Vocational Expert ("VE") Tammie Donaldson testified at this hearing. *Id.* At the time of this hearing, Plaintiff testified she was twenty-eight (28) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008) (SSI) and 20 C.F.R. § 404.1563(c) (2008) (DIB). (Tr. 31). As far as education, Plaintiff testified she had "completed high school" and "did a couple of years of college." (Tr. 32).

After this hearing, on August 12, 2013, the ALJ entered an unfavorable decision denying Plaintiff's applications for SSI and DIB. (Tr. 6-23). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 12, 2012. (Tr. 12, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since her alleged onset date of November 5, 2007. (Tr. 12, Finding 2). The ALJ determined Plaintiff had the following severe impairments: bilateral knee problem from a motor vehicle accident (MVA) injury and repair, obesity, and post-traumatic stress disorder (PTSD). (Tr. 12-14, Finding 3). However, the ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14-15, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC.

(Tr. 15-21, Finding 5).  First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> The residual functional capacity produced by the medically determinable impairments permits the lifting of 10 pounds occasionally, and to frequently lift and/or carry less than 10 pounds, and to stand and walk 2 hours of an 8 hour workday, sit for 6 hours in an 8 hour work day as defined by the regulations at 20 CFR §404.  The claimant should avoid climbing, using ladders, ropes and scaffolds, no crawling, occasional squatting and kneeling.  The claimant has the ability to understand, carryout and remember simple 1-2 step tasks and instructions, should be limited to occasional public contact and requires minimal co-worker or supervisory contact.

*Id*.

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff had no PRW she could perform.  (Tr. 21, Finding 6).  The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy.  (Tr. 22-23, Finding 10).  The VE testified at the administrative hearing regarding this issue.  *Id.*  Considering her age, education, work experience, and RFC, the ALJ determined Plaintiff retained the capacity to perform the following representative occupations: document preparer (sedentary, unskilled) with 800 such jobs in Arkansas and 96,000 such jobs in the United States; final assembler (sedentary, unskilled) with 500 such jobs in Arkansas and 30,000 such jobs in the United States; and table worker (sedentary, unskilled) with 600 such jobs in Arkansas and 27,000 such jobs in the United States.  (Tr. 22).  Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from November 5, 2007 through the date of the ALJ's decision or through August 12, 2013.  (Tr. 23, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable

decision. (Tr. 4). On November 27, 2013, the Appeals Council denied this request for review. (Tr. 1-3). Plaintiff then filed the present appeal on January 6, 2014. ECF No. 1. The Parties consented to the jurisdiction of this Court on January 8, 2014. ECF No. 7. This case is now ready for decision.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological,

or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In her appeal brief, Plaintiff raises the following five arguments for reversal: (1) the ALJ erred in his consideration of the Listings; (2) the ALJ did not follow the directives of the remand order by the Appeals Council; (3) the ALJ did not properly consider her RFC; (4) the ALJ erred in discrediting the opinions of her treating physicians; and (5) the ALJ erred in considering the VE's

5

testimony. ECF No. 10. Because the ALJ improperly evaluated her subjective complaints, the Court will only address Plaintiff's third claim.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with the requirements of *Polaski*. (Tr. 15-21). The ALJ recited the requirements of *Polaski* but did not follow those requirements. *Id.* Instead, the ALJ based his decision upon the objective medical evidence alone: "In this case, the claimant appears to be sincere and genuine regarding the pain and limitations she states she experienced with the medical impairments. . . . [But] [b]ased on the full evaluation, the claimant's most serious symptoms and limitations are simply outside the range of reasonable [medical] attribution." (Tr. 18). Although he states he has considered Plaintiff's subjective complaints and the subjective evidence, he cites no specific "inconsistencies" in the record as required by *Polaski*. Accordingly, because the ALJ provided no valid reasons for discounting Plaintiff's subjective complaints, this case must be reversed and remanded.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.[3]  A

---

[3] This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply with the requirements of *Polaski*. No part of this remand should be interpreted as an instruction that disability benefits be awarded. Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.

judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

   **ENTERED this 30th day of January 2015.**

                  /s/  Barry A. Bryant
                  HON. BARRY A. BRYANT
                  U. S. MAGISTRATE JUDGE